# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street, NW, Suite 240 Washington, DC 20036<br><br>Plaintiff,<br><br>v.<br><br>U.S. Department of the Navy The Pentagon, Washington, D.C. 20350<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>July 21, 2010<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the U.S. Department of the Navy to disclose records withheld wrongfully after a FOIA request and subsequent appeal from Plaintiff. FOIA requires that federal agencies respond to public requests for documents, including files maintained electronically, in order to increase public understanding of the workings of government and access to government information.

2. Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of the federal government.

      Plaintiff requested the subject records in order to examine and expose Department of the Navy practices which may have negative environmental consequences. Release of the requested information is in the interest of the general public, in order for the public to understand the munitions handling practices of the Department of the Navy ("Navy") which may be wasteful or may cause environmental harm within United States coastal waters.

3. Plaintiff submitted a FOIA request for certain documents regarding the Navy's procedures related to the handling and disposal of munitions upon the return of U.S. Navy vessels to ports in the United States. The Navy informed Plaintiff that it was referring the request to two offices within the agency that it deemed most likely to have responsive documents: Naval Facilities Engineering Command ("NAVFAC") and Naval Sea Systems Command ("NAVSEA"). After the statutory period for providing a response (including a 10-day extension) had lapsed, Plaintiff filed an appeal of the Navy's failure to respond to the FOIA request. Subsequently, Plaintiff received an acknowledgment letter from the office of NAVSEA stating that the request had been received and would be processed in accordance with the Navy's regulations covering FOIA. Plaintiff did not receive an acknowledgment from NAVFAC. Plaintiff then received a letter from a third office, the Naval Supply Systems Command ("NAVSUP"), stating that the request had been referred to it but that it had no responsive documents. Plaintiff also received a letter from NAVSEA stating that no responsive records could be found. To date, Plaintiff has not received a substantive response from NAVFAC. On July 13, 2010, the Navy sent Plaintiff an incomplete response to

       Plaintiff's appeal stating that the appeal was moot since several offices were in the course of processing the FOIA request. The Navy's argument is ineffectual because the Navy has failed to comply with FOIA within the time required.

4. The Navy's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. The Navy's conduct frustrates Plaintiff's efforts to educate the public regarding the Navy's munitions handling and disposal practices and is a violation of the FOIA.

5. Plaintiff seeks a court order requiring the Navy to immediately produce the documents sought in the March 15, 2010 FOIA request, as well as other appropriate relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over the action under 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has the authority to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

8. This court has the authority to award costs and attorney's fees under 28 U.S.C. § 2414 and 5 U.S.C. § 552(a)(4)(E).

9. Venue is properly vested in this Court under 5 U.S.C. § 552 (a)(4)(B).

## PARTIES

10. Plaintiff Public Employees for Environmental Responsibility ("PEER") is a non-profit public interest organization, with its main office located in Washington,

D.C., and field offices located in California, Colorado, Florida, Massachusetts, New Mexico, New Jersey, and Tennessee.

11. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii). Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues, focusing on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

12. Defendant is an agency of the United States as defined by 5 U.S.C. § 552(f)(1), and is charged with the duty to provide public access to documents in its possession consistent with the requirements of FOIA and is denying Plaintiff access to its records in contravention of federal law.

## **FACTS**

13. By letter dated March 15, 2010, Plaintiff submitted a Freedom of Information Act request to the U. S. Department of the Navy, pursuant to 5 U.S.C 552, as amended. Specifically, Plaintiff requested the following: 1) All documents relating to the disposal of or dumping in water of any unused munitions from training and/or deployment missions upon U.S. Navy vessels' return voyages to United States ports; 2) Materials describing limitations on the storage of unused munitions in munitions bunkers, or disposing of munitions on land, including constraints on transport of unused munitions from ships to land-based disposition; 3) Any analyses, reports or contracts relating to alternative means for disposal of

unused munitions from naval vessels; and 4) Charts or other descriptions of ammunition disposal areas in waters off the coasts of the United States.

14. By e-mail dated April 15, 2010, DON FOIA Analyst Kristin Stark informed Plaintiff that the Navy FOIA office was "still coordinating with several activities," to determine which activity or office might have responsive information.

15. On the same day, Plaintiff responded to the email seeking three pieces of information: the tracking number for the request; the date on which the Navy received the request; and the expected date for production of documents.

16. Ms. Stark subsequently responded that the request had been received on March 22, 2010, and further stating that the Navy was availing itself of the 10 working day extension provided by 32 CFR § 701.8(g)(2). However, Ms. Stark declined to provide Plaintiff a tracking number for the request or indicate when production of responsive materials might be expected.

17. By letter dated April 19, 2010, the Office of the Chief of Naval Operations confirmed receipt of Plaintiff's March 22, 2010, FOIA request and stated that the request would be forwarded to two other "officials" within the Navy: Naval Facilities Engineering Command ("NAVFAC") and Naval Sea Systems Command ("NAVSEA"). This letter also provided the tracking number DON2010F0838, but did not provide an estimated date on which production of responsive documents might be expected.

18. On May 26, 2010, Plaintiff appealed the Navy's failure to respond to the FOIA request in the time period required. Plaintiff regarded the Navy's failure to

produce responsive documents, or to claim that no responsive documents were found, as a constructive denial. Moreover, the Navy refused to provide Plaintiff with an estimate of when any response might be issued, as requested by Plaintiff.

19. By letter dated June 1, 2010, the OGC responded to Plaintiff's appeal, stating that the subject matter of Plaintiff's appeal "falls under the cognizance of the U.S. Navy Office of the Judge Advocate General (Navy OJAG)," and had been forwarded to Navy OJAG. The letter further provided the contact information of the individual to whom the appeal had been forwarded, Ms. Alicie Callaham.

20. By letter dated June 2, 2010, Ms. Callaham at Navy OJAG responded to Plaintiff's appeal, stating that due to the quantity of appeals received in that office and the size of the staff, no expected completion date at which Navy OJAG might respond to the appeal was available, but it would be processed in the order in which it was received. The letter assigned the appeal file number F10115.

21. By letter dated June 8, 2010, NAVSEA responded to Plaintiff's original request, stating that the request had been received June 9, 2010, had been placed in the routine queue for processing, and had been assigned case number NAVSEA-HQ 2010F060261. Plaintiff fails to understand how NAVSEA's acknowledgment letter could have pre-dated the date on which they claim to have received the request.

22. By letter dated June 15, 2010, a third office, Naval Operational Logistics Support Center ("NOLSC"), which falls under the Naval Supply Systems Command ("NAVSUP"), responded to Plaintiff's original request, stating that the request

had been received June 15, 2010, had been placed in the routine queue for processing, and had been assigned case number NOLSC 2010F060003.

23. By letter dated July 8, 2010, NOLSC responded to Plaintiff's original request, stating that, "a thorough search of [their] records has failed to disclose records responsive to [Plaintiff's] request." Further, NOLSC forwarded the request to the Ammunition Logistics Directorate, which was also "unable to locate any records responsive to [the] request."

24. On July 13, 2010, Plaintiff received a letter from the Navy's Office of the Judge Advocate General in response to the FOIA appeal, claiming that the appeal was moot because NAVFAC and NAVSEA had responded to the request. Contrary to the Navy's assertion, Plaintiff has not received a response to the FOIA request from either the office of NAVFAC or NAVSEA. The letter also appeared to be incomplete and failed to include a signature page.

25. By letter dated July 8, 2010, NAVSEA responded to Plaintiff's original request, stating, "we conducted a search and found no records responsive to your request."

26. To date, it has been thirty-two (35) working days since Navy OJAG received Plaintiff's appeal, and Navy OJAG has yet to respond. Navy OJAG has failed to meet the twenty working (20) day limit FOIA imposes for responding to an appeal. *See* 5 U.S.C. § 552 (a)(6)(A)(ii).

27. Plaintiff has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C) for its FOIA request and now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CAUSES OF ACTION

### Count I: Violation of the Freedom of Information Act

28. Plaintiff repeats allegations in paragraphs 1 through 27.

29. The Navy's failure to disclose the requested documents is a violation of FOIA, 5 U.S.C. § 552, and the agency's own regulations promulgated thereunder.

### Count II: Violation of the Administrative Procedure Act

30. Plaintiff repeats the allegations in paragraphs 1 through 27.

31. The Navy's failure to disclose documents responsive to Plaintiff's request constitutes agency action unlawfully withheld and unreasonably delayed, in violation of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. The Navy's failure in this matter is arbitrary, capricious, an abuse of discretion, not in accordance with the law and without observance of procedure required by law, all in violation of the APA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests and prays that this court:

i. Enter an Order declaring that the Department of the Navy ("Navy") has wrongfully withheld the requested agency records;

ii. Issue a permanent injunction directing the Navy to disclose to the Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until the Navy is in compliance with FOIA, APA and every other order of this Court;

iv. Award Plaintiff its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

    v.    Grant such additional and further relief to which Plaintiff may be entitled.

Dated: Washington, D.C.
July 21, 2010

                            Respectfully submitted,

                            */s/ Paula Dinerstein*
                            Paula Dinerstein, DC Bar No. 333971
                            Senior Counsel
                            Public Employees for Environmental Responsibility
                            2000 P Street, NW, Suite 240
                            Washington, D.C. 20036
                            (202) 265-7337